**Dora Deel, Appellee, v. Gus Heiligenstein, Appellant.**

1. VERDICTS—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review.

2. APPEALS AND ERRORS—*when overruling demurrer not subject to review.* The action of the court in overruling a demurrer to a declaration is not subject to review where the demurrant does not abide by his demurrer but pleads over.

3. DRAM-SHOPS—*what does not affect amount of widow's recovery.* In an action to recover damages for death brought under the Dram-shop Act, the right of the widow to recover and the amount

of her recovery cannot be affected by the fact that her husband at the time of his death had a policy of insurance in force upon his life payable to her in the event of his death.

Trespass on the case. Appeal from the Circuit Court of Effingham county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

WOOD BROS. & RICHELMAN, RUFUS M. POTTS and ALFRED ADAMS, for appellant.

·WRIGHT BROS., for appellee; T. H. RIGHTER and S. F. GILMORE, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee to recover damages under the Dram-Shop Act for the death of her husband, William J. Deel, who was killed by a passing train while he was walking down the railroad track near his home, about two o'clock in the morning of July 5, 1906. The trial resulted in a verdict and judgment for appellee for $1,000.

It is here complained that the verdict was not sustained by the evidence, that the court improperly instructed the jury, that in the course of the trial certain things were improperly done by appellee and said by her attorneys which had the effect of prejudicing appellant's rights before the jury; that the court erred in not sustaining a special demurrer to an amended declaration and in not sustaining appellant's challenge of a juror for cause.

Deel, as it appeared from the proofs, lived with his father-in-law, Daniel Phillips, about twelve miles from Shumway in Effingham county, and on the morning of July 4, 1906, the two went together in Phillips' buggy to that place, where there was to be a celebration; there were two saloons in the place, one kept by a man named Steineman, the other by appellant. After their arrival both parties started to drinking at

Steineman's.  Deel was shown to have become intoxi-
cated  early in the day and to have continued his drink-
ing at intervals throughout the day and night until
he started for home.  He did most of his drinking at
Steineman's but wandered from one saloon to the other
and drank beer a number of times.  At about nine
o'clock in the evening he was maudlin drunk and went
to sleep in Steineman's saloon.  About twenty minutes
before midnight, he went to appellant's saloon for
whiskey which was refused him.  He was then under
the influence of liquor, appellant himself testifying "he
seemed to be drinking but I could not say he was
drunk."  Shortly afterwards, his father-in-law hav-
ing gone home, Deel got in a buggy with Henry Hub-
bard, who lived in the same direction from town and
started home.  At about two o'clock in the morning
they reached a railroad crossing which was about a
mile down the track from the house of Deel's father-
in-law or two miles around by the road.  Deel got out
the buggy and started down the track towards home,
although Hubbard offered to drive him around the
road.  Between the crossing and the house the rail-
road passed through a deep cut with steep banks close
to the track, through which Deel had traveled many
times.  That morning at about seven o'clock Deel's dead
body was found at the cut, he having been struck and
killed by a train.  Hubbard was not a witness at the
trial but an affidavit presented upon a motion for a
continuance, made by appellant on account of Hub-
bard's absence, was read in evidence stating, that if
present he would testify Deel was sober and not in-
toxicated when he left the buggy and started down
the track.  There was evidence tending to show that
Hubbard himself had been drinking that night.  Ap-
pellant claims that the evidence fails to show that Deel
was under the influence of liquor at the time he was
killed and also that even if it could be inferred that
he was intoxicated at such time, yet the evidence
wholly failed to show that intoxicating liquor sold him

at appellant's saloon contributed to cause his intoxication at that time. It is certain that the undertaking of Deel to walk down the track through the narrow cut at that time of night and under the conditions existing, was a negligent if not reckless act on his part. The proofs show that he had been intoxicated to a greater or less extent during the whole of the day after his arrival in town and up to the time he left for home, and it is not to be reasonably supposed that he was in a condition physically or mentally to undertake with safety a trip in the night time along the track through the cut. There was abundant evidence to sustain a finding by the jury that the proximate cause of Deel's death was the use of intoxicating liquors by him during the day and night and it was also for the jury to say whether intoxicating liquors procured by him at appellant's saloon contributed to bring about the calamity which overtook him.

Appellant's complaint that the court erred in refusing to sustain his special demurrer to the amended declaration, is not before us for the reason that appellant did not abide his demurrer, but abandoned it and filed his plea to the amended declaration which consisted of only one count.

Appellant claims that certain instructions given for appellee were erroneous because they in effect stated, that it was sufficient proof of the sale of intoxicating liquors to deceased by appellant, if it was proved that the same was sold "either by himself or agent or agents," upon the ground there was no proof of any sale made by any agent or agents of appellant.

The testimony of one witness was that he saw deceased get a drink at appellant's saloon but that he could not tell whether it was furnished by appellant or his barkeeper. This was sufficient to warrant the giving of the instruction.

Instruction No. 12 given for appellee is complained of for the reason it told the jury the fact that appellee received money upon a policy of insurance on her

husband's life, was not to be considered by them at all and could have no effect upon the result of their verdict.

The statute pertaining to dram-shops provides, that every wife who shall be injured in person or property, or means of support, in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action, etc.    Under this statute, we are of opinion that where a widow proves she has been deprived of her means of support by the death of her husband and that such death occurred by reason of his intoxication, caused in whole or in part by intoxicating liquors sold by a dram-shop keeper, the right of such widow to recover, and the amount of the recovery, cannot be affected by the fact that her husband at the time of his death, had a policy of insurance in force upon his life, payable to her in the event of his death.

We have carefully considered the other objections raised by appellant and while there is some foundation for them all, yet we do not consider them individually or collectively as of sufficient importance to warrant a reversal of the cause.

The judgment of the court will accordingly be affirmed.

*Affirmed.*